# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-231-JDR-CDL

SAMANTHA KEMMERLIN, *individually and on behalf of similarly situated persons,*

*Plaintiff,*

versus

LIPSTICK CABARET, INC.,

*Defendant.*

## OPINION AND ORDER

Defendant Lipstick Cabaret, Inc. operates an adult entertainment club in Tulsa, Oklahoma, where Plaintiff Samantha Kemmerlin worked as a dancer. Although Ms. Kemmerlin was classified as an independent contractor, she alleges she was treated as an employee by Lipstick Cabaret in all relevant respects. She asserts that, due to that misclassification, Lipstick Cabaret failed to pay her the lawful minimum wage, failed to pay her the amount she was owed for overtime work, and improperly retained tips that she received, all in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. She sued Lipstick Cabaret for the alleged violations and filed a motion to conditionally certify a plaintiffs' class consisting of all dancers employed by Lipstick Cabaret since May 15, 2021. Dkts. 26, 27. For the reasons set forth below, the Court grants her motion in part.

I

According to the complaint, Lipstick Cabaret hired Ms. Kemmerlin and others to work as dancers at its adult entertainment club. Although

No. 24-cv-231

Lipstick Cabaret classified some of its dancers (including Ms. Kemmerlin) as independent contractors, Plaintiff alleges it treated them as employees. For example, Lipstick Cabaret allegedly controlled the dancers' work duties, schedules, assignments, working conditions, pay scales, rates of pay, and working hours without receiving any input from the dancers [Dkt. 2 at ¶¶ 19-25, 28-29, 33];[1] set the club's rules and policies and required its dancers to follow them [*id.* at ¶¶ 34-35]; and did so without permitting the dancers to invest in the business, share in its profits or losses, make hiring decisions, make decisions regarding the prices for their services, or make advertising decisions for the club [*id.* at ¶¶ 26-29, 30-32, 36]. According to Ms. Kemmerlin, Lipstick Cabaret did not pay its dancers an hourly wage. Instead, the dancers' pay consisted solely of what remained of their tips after the dancers paid the performance fees, fines, and tip shares required by Lipstick Cabaret. ¶¶ 37-44.

Lipstick Cabaret disputes Ms. Kemmerlin's characterization of this case. It claims to have provided each dancer with the option of working as a W-2 employee or an independent contractor and further claims that Ms. Kemmerlin chose the latter despite being informed of the legal differences between the two. Dkt. 28 at 8, 16. It argues that, as an independent contractor, Ms. Kemmerlin was afforded the opportunity to work at other clubs, work as much (or as little) as she wanted, advertise, and report her own earnings. *Id.* at 14.[2] It contends that Ms. Kemmerlin should not be permitted to represent any other any allegedly "misclassified" dancers because she was not misclassified: She knowingly and voluntarily chose to be designated as an independent contractor and was treated accordingly. Dkt. 28 at 29-30.

---

[1] All citations use CM/ECF pagination.

[2] Lipstick Cabaret argues that the same is true for other dancers. *Id.* at 14.

2

No. 24-cv-231

## II

The Fair Labor Standards Act requires covered employers to pay their employees a set minimum wage for the first forty hours of work they perform in a workweek, and to pay an overtime rate for any work performed in excess of forty hours during a workweek. *See* 29 U.S.C. §§ 206, 207. The Act authorizes employees who are affected by an employer's failure to pay minimum wages or overtime compensation to sue on behalf of not only themselves but also other employees who are similarly situated. 29 U.S.C. § 216(b).

Ms. Kemmerlin asks the Court to certify a class of employees who are similarly situated to her, namely, all dancers who worked for Lipstick Cabaret since May 15, 2021. This Court addresses the merits of her request using the two-step, ad hoc approach described in *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102-06 (10th Cir. 2001).[3] Under that approach, the Court first makes an "initial notice stage determination of whether plaintiffs are similarly situated." *Id.* at 1102 (citation and quotation marks omitted). This preliminary threshold requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (citation and quotation marks omitted). If Ms. Kemmerlin passes this first

---

[3] The approach discussed in *Thiessen* is not mandatory. In *Thiessen*, the Tenth Circuit recognized that courts had used three different approaches when addressing motions to certify under 29 U.S.C. § 216(b). *Thiessen*, 267 F.3d at 1102 (discussing certification under the ADEA, which "borrows the opt-in class action mechanism" of the FLSA). The Court of Appeals did not reject any of those approaches. Instead, it concluded that the district court did not abuse its discretion in applying the ad hoc approach, which it deemed "the best of the three approaches" in use at the time. *Id.* at 1103-05. Lipstick Cabaret reminds the Court that it is not bound to utilize the procedure discussed in *Thiessen* and invites the Court to exercise its discretion to adopt a different procedure. Dkt. 28 at 11-12; *see In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 WL 4054144, at *2 (10th Cir. Mar. 27, 2017) (recognizing that "nothing in *Thiessen*" mandates use of the ad hoc approach, and that district courts have "flexibility to determine whether plaintiffs are similarly situated"). The Court declines the invitation to depart from the procedure that the Tenth Circuit deemed to be consistent with Congressional intent, able to accommodate the relevant factors, and in line with district courts' inherent discretion to make decisions relevant to trial management. *Thiessen*, 267 F.3d at 1105.

No. 24-cv-231

hurdle, the Court will authorize notice to other potential class members, who may elect to join the litigation. If they do so, the Court will make a second, more searching assessment of the similarity of the putative class members who opt to join the action. This second assessment is usually conducted at the close of discovery in response to a motion to decertify. *Id.* at 1102-03.

Ms. Kemmerlin's motion seeks only preliminary conditional certification. When determining whether Ms. Kemmerlin has made "substantial allegations" that she and her colleagues were victims of a single improper decision, policy or plan, *id.* at 1102, the Court will not "weigh the evidence, resolve factual disputes, or rule on the merits" of her claim. *French v. Midwest Health, Inc.*, No. 2:14-cv-2625-JAR-KMH, 2015 WL 4066748, at *1 (D. Kan. July 2, 2015) (footnotes omitted). Instead, the Court looks to the parties' pleadings and affidavits to determine whether the plaintiff has shown that a policy exists and that the putative class members were subjected to it. *Id.* at *4.

Ms. Kemmerlin's pleadings and affidavit support the conclusion that she and her co-workers were subjected to a potentially improper decision, policy, or plan. Specifically, Ms. Kemmerlin presented evidence that she and other dancers were hired to perform similar duties, namely, performing dances for Lipstick Cabaret's customers. Dkt. 26-5 at ¶¶ 7-8. Her allegations and affidavit demonstrate that Lipstick Cabaret had a policy of failing to pay its dancers the appropriate hourly and overtime rates owed to them under the FLSA. Dkt. 2 at ¶¶ 52-57, 65-66. This improper policy allegedly applied not only to Ms. Kemmerlin, but also to her co-workers. *Id.*; *see* Dkt. 26-5 at ¶¶ 5, 23, 25, 29, 32-33 (describing knowledge of working conditions based upon discussions with colleagues and personal experience). Ms. Kemmerlin's allegations and declaration sufficiently demonstrate that she and other similarly situated dancers were subjected to the same improper policy while working for Lipstick Cabaret. *See Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417, 421 (W.D. Okla. 2017) (granting motion to certify where the allegations and

4

No. 24-cv-231

affidavits indicated that the defendant retained independent contractors who performed similar duties, were paid according to the same structure, and were paid a set rate regardless of the number of hours worked despite being subject to the FLSA's overtime requirements). This is sufficient to justify conditional certification for notice purposes.

Lipstick Cabaret's arguments to the contrary are unpersuasive. Lipstick Cabaret argues that Ms. Kemmerlin was required to present "some evidence" to establish that she and her co-workers were similarly situated and victims of a single decision, policy, or plan, and that she has failed to do so. Dkt. 28 at 12. Lipstick Cabaret is correct with respect to its statement of the law, but incorrect insofar as it suggests that Ms. Kemmerlin has failed to present "some evidence" in support of her position. Ms. Kemmerlin has presented her own affidavit, which describes her job duties and sets forth the allegedly wrongful policy and practice that applied to her. Dkt. 26-5. That affidavit also establishes, based on Ms. Kemmerlin's observations of and conversations with her co-workers, that other dancers performing substantially the same duties were subjected to substantially the same improper policy and practice. Other courts have granted conditional certification based on similar affidavits making similar representations. *E.g., Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d at 1312 (determining that declarations based on "observations and discussions with fellow employees" supported conditional certification); *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1122 (D.N.M. 2017) (granting conditional certification based, in part, on allegation that salaried employees were subject to the same illegal pay practice).[4]

---

[4] The case law cited by Lipstick Cabaret is not to the contrary. For example, in *Brown v. EOG Resources, Inc.*, the district court recognized that the requirement of "some evidence" is a lenient one that can be established either by substantial allegations or factual support. *Brown v. EOG Res., Inc.*, No. 22-cv-0116 KG/GBW, 2023 WL 2499602, at *2-*4 (D.N.M. Mar. 14, 2023) (citations and quotation marks omitted). The district court concluded that the plaintiff's substantial allegations of job similarities and unified policies, which were supported by declarations from the named plaintiffs, were "sufficient to make

5

No. 24-cv-231

Lipstick Cabaret next contends that Ms. Kemmerlin cannot show that she and her fellow dancers were similarly situated. It maintains that Ms. Kemmerlin was treated as an independent contractor because of her "personal choice" to be designated as one and that she has failed to show that her co-workers made similar decisions. Dkt. 28 at 15; Dkt. 28-1. This argument does not preclude conditional certification. Ms. Kemmerlin has met her preliminary burden of substantially alleging facts that, if true, would support the conclusion that she and her co-workers should have been classified as employees and were subjected to unlawful pay practices.[5] *See* Dkt. 26-5 at ¶¶ 5-19, 23, 25-30. This is sufficient to justify conditional certification. *See Kemmerlin v. Bicentennial Inc.*, No. 24-cv-0230-CVE-CDL, 2025 WL 371802, at *5 (N.D. Okla. Feb. 3, 2025) (granting conditional certification over similar objections). If Lipstick Cabaret has individual defenses against dancers who elected to be classified as independent contractors, those defenses are properly addressed at the close of discovery following a motion to decertify. *Id.*

At this stage in the proceedings, the Court does not weigh the evidence, evaluate whether Ms. Kemmerlin and her co-workers are properly classified as employees, or consider the merits of any factual or legal defenses to any potential claims. *French*, 2015 WL 4066748, at *1. Instead, it asks only whether Ms. Kemmerlin has presented "substantial allegations" that she and her colleagues were victims of a single improper decision, policy or plan. Ms.

---

a first-stage showing" notwithstanding the defendant's objection that the plaintiffs' evidence consisted of "nothing more than personal statements of belief." *Id.* at *4. *See also Hose v. Henry Indus.*, 49 F. Supp. 3d 906, 908 (D. Kan. 2014), order clarified sub nom., No. 13-2490-JTM, 2014 WL 5510927 (D. Kan. Oct. 31, 2014) (rejecting the defendant's challenge that the allegations were not supported by the record because the court could properly consider the plaintiff's substantial allegations regarding the uniform policy).

[5] *See Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998) (describing factors relevant to the determination of whether, in economic reality, a worker is an employee or a contractor).

6

No. 24-cv-231

Kemmerlin has presented both substantial allegations and evidence that she and her fellow dancers performed similar work and were subjected to Lipstick Cabaret's uniform policy and practice of failing to pay its dancers the required hourly and overtime rates. Based on the allegations and evidence presented, the Court grants the motion for conditional certification.

### III

The parties disagree about the scope of the prospective class. Lipstick Cabaret asks the Court to (1) limit the class to those plaintiffs who worked as dancers during the three years prior to the date of this order, and (2) exclude dancers who elected to work as independent contractors. The Court agrees that the class should be limited to, at most, those employees who worked as dancers for Lipstick Cabaret during the three years prior to notice of this action. *See Kemmerlin v. Bicentennial Inc.*, No. 24-cv-0230-CVE-CDL, 2025 WL 371802, at *8 (N.D. Okla. Feb. 3, 2025) (hereinafter *Kemmerlin I*). The Court disagrees, however, with Lipstick Cabaret's claim that only those dancers who were W-2 employees may be included in the class. Ms. Kemmerlin claims that Lipstick Cabaret failed to pay its dancers the amounts owed to them under the FLSA. Although some of the dancers' claims may be subject to individual defenses, those defenses (and their impact on the dancers' ability to participate in the class) are best addressed in a motion to decertify. *Id.* at *5. The Court will therefore certify a class consisting of all dancers who worked for Defendant Lipstick Cabaret, Inc. within three years of the date of issuance of the notice.

### IV

Although the Court grants Ms. Kemmerlin's request for conditional certification, it does not authorize the issuance of the notice as proposed in her motion. The Court requires the following modifications to the contents of the proposed notice.

No. 24-cv-231

First, the following typographical errors should be corrected:

(a) the reference to "Dancer swho" should be changed to "Dancers who" [Dkt. 26-1 at 1];

(b) in response to question no. 1, "Defendant Dancer" should be changed to "Defendant" [*id.* at 2];

(c) the reference to "Dancer" at the close of the response to question no. 8 should be changed to "Dancers" [*id.* at 3];

(d) "Defendants" in the last line of the response to question no. 9 should be changed to "Defendant" [*id.*];

(e) in response to question no. 14, the phrase "chargeable to him" should be changed to "chargeable to her" [*id.* at 4]; and

(f) the case caption and all future filings should be updated to reflect the current case number.

Second, the notice should be modified to include only those dancers who worked for Lipstick Cabaret within three years of the date of issuance of the notice. *See Kemmerlin I*, 2025 WL 371802, at *8.

Third, it does not appear that Ms. Kemmerlin objects to Lipstick Cabaret's request to include additional language regarding the Court's neutrality. The Court directs Ms. Kemmerlin to incorporate the language proposed by Lipstick Cabaret [Dkt. 28 at 20] on page 1 of the notice.

Fourth, the language in the box entitled "YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT" is misleading. Ms. Kemmerlin is directed to strike the following language: "If you wish to be included, you must complete the Consent to Join form at the end of this Notice." Ms. Kemmerlin and her counsel may not improperly suggest that the only way to participate in this action is through representation by current counsel. The updated language in response to current question no. 11, *infra*, reflects the alternative means of joining this action.

8

No. 24-cv-231

Fifth, in response to question no. 1, Ms. Kemmerlin must modify the third sentence to read, "You may have legal rights and options that you may exercise in this case."

Sixth, in the response to question no. 3, Ms. Kemmerlin must replace the language "return the attached Consent to Join form" with "elect to join this lawsuit" in order to avoid giving the impression that only those who complete the form and agree to be represented by Ms. Kemmerlin's counsel may participate in this action.

Seventh, the response to question no. 9 improperly suggests that those who join the lawsuit must be represented by current counsel. It also fails to accurately inform potential plaintiffs of the burdens associated with discovery. Ms. Kemmerlin is directed to (a) add the phrase "if you choose Named Plaintiff's counsel to represent you" after the language concerning "the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs," and (b) replace the second to last sentence of that paragraph with the following:

> If you join this lawsuit, you may be required to submit documents and written answers to questions, and travel to depositions and hearings where you will be required to testify under oath.

Eighth, the Court has previously recognized that the scattershot discussion of joining the collective action may confuse potential plaintiffs. *Kemmerlin I*, 2025 WL 371802, at *9. Ms. Kemmerlin should consolidate the responses to questions 9 and 10 as described in *Kemmerlin I* and set forth in *Robertson v. REP Processing, LLC*, No. 19-cv-02910-PAB-NYW, 2021 WL 4255027, at *6 (D. Colo. Sept. 16, 2021).

Ninth, the proposed notice improperly suggests that the only way to join this lawsuit is by utilizing Ms. Kemmerlin's current counsel. Opt-in plaintiffs are not required to use the lead plaintiff's lawyer and may use

9

No. 24-cv-231

counsel of their own choosing or represent themselves pro se. *Kemmerlin I*, 2025 WL 371802, at *9. Ms. Kemmerlin must modify the response to current question no. 11 to read as follows:

> A Consent to Join form is enclosed within this notice. Because the right to claim unpaid wages expires after three years for willful FLSA violations, your eligibility to join this collective will depend on the date you or your attorney files your consent form with the Court. Therefore, if you choose to join this lawsuit, it is extremely important that you join this action by [90 days from mailing]. To do so, you may (1) enter an appearance pro se and file a written consent to become a party to this action, (2) read, sign, and promptly mail this form to Forester Haynie PLLC at 400 North Saint Paul Street, Suite 700, Dallas, TX 7520115, or (3) engage an attorney of your choosing to file a written consent to join this action on your behalf. **If you complete and submit the enclosed Consent Form, you are consenting to join the collective and to Forester Haynie PLLC representing you in this matter.**
>
> All Consent to Join forms must be returned by [90 days from mailing]. If Forester Haynie PLLC receives your signed consent form after [90 days from mailing], or if you do not file a consigned consent form by another means by [90 days from mailing], you may be prohibited from participating in this case.

This language accurately reflects the potential plaintiffs' ability to choose their own counsel. *Id.*

Tenth, the responses to current questions 12 and 13 improperly suggest that opt-in plaintiffs will be represented by current counsel, and that there is no cost associated with that representation. Ms. Kemmerlin is directed to replace those two responses with the following:

No. 24-cv-231

> If you chose to opt into the lawsuit, you may elect to proceed: (1) with Named Plaintiff's counsel, Forester Haynie PLLC, by timely returning a signed Consent to Join form to the firm; (2) with your own counsel, or (3) pro se. Regardless of your representation in this matter, you must file, either on your own or through counsel, your consent to join this lawsuit with the Court in order to join the collective action. You should discuss the costs of representation and participation in this lawsuit with the lawyer of your choosing.

*Id.* at *9.

Eleventh, the response to current question no. 15 should be modified to read as follows: "If you have any questions or require additional information, you may contact Named Plaintiff's counsel, any attorney representing a plaintiff in this action, or counsel of your choosing."

Twelfth, Ms. Kemmerlin is instructed to remove current question no. 16, its response, and the bold language following the response. The current notice improperly suggests that a prospective pro se plaintiff may not contact the Court Clerk.

Thirteenth, the proposed notice fails to provide a clear, informative summary of the purported collective's claim and legal theory, the policy that allegedly violates the FLSA, the damages sought, and Lipstick Cabaret's contentions. The parties are directed to meet and confer to prepare an agreed statement of the case to be included in the notice. *Kemmerlin I*, 2025 WL 371802, at *6.

The Court rejects Lipstick Cabaret's request that the prospective class members be informed of their obligation to preserve evidence. If the putative class members have any preservation obligations, they should discuss the scope of that obligation with counsel of their choosing. *See Whitlow*, 322 F.R.D. at 424.

11

No. 24-cv-231

## V

Finally, the Court turns to the delivery and timing of the notice. Lipstick Cabaret objects to the dissemination of notice to both the personal and work emails of the prospective defendants. The Court shares Lipstick Cabaret's concern that the prospective plaintiffs may not wish to have notice of this lawsuit sent to their present employers. Accordingly, the Court will permit Ms. Kemmerlin to send notice to the prospective plaintiffs' home addresses, personal email addresses, and personal phone numbers. Ms. Kemmerlin may only contact prospective plaintiffs at their places of employment upon a showing that it was unable to make contact through other means. *See Williams v. Coventry Health Care of Fla., Inc.*, No. 616-cv-731-ORL41-TBS, 2016 WL 7013530, at *2 (M.D. Fla. Oct. 4, 2016), *report and recommendation adopted*, No. 616-cv-731-ORL-41TBS, 2016 WL 6947354 (M.D. Fla. Nov. 28, 2016). Lipstick Cabaret must provide Ms. Kemmerlin with the requested contact information within 30 days of this order.

Due to the upcoming holidays, the Court concludes that a 90-day opt-in period is appropriate in this case. The Court will permit Ms. Kemmerlin to send a single reminder notice by text and email. Ms. Kemmerlin may utilize the format set forth at Dkt. 26-3, but must modify the language to indicate that a prospective plaintiff may join the lawsuit by appearing pro se or retaining independent counsel. Ms. Kemmerlin's request for a second reminder notice is denied.

## VI

Ms. Kemmerlin's motion for conditional certification is granted in part as to conditional certification. The motion is denied in part as to the scope of conditional certification, the format of the notice, the means of distributing the notice, and the notice schedule as set for the herein. The Court conditionally certifies a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act for the following collective of persons: All Dancers who worked for Defendant Lipstick Cabaret, Inc. within three years of the

No. 24-cv-231

issuance of notice in this matter. Defendant shall provide plaintiff with a list of putative collective members' names, last known home addresses, phone numbers, and personal email addresses in an electronically manipulable format no later than January 5, 2026.

Ms. Kemmerlin is directed to meet and confer with Lipstick Cabaret to prepare a statement of the case and an updated notice form that reflects the changes set forth herein. The parties are directed to file the updated notice form on or before December 17, 2025 for review by the Court.[6]

DATED this 3rd day of December 2025.

JOHN D. RUSSELL
*United States District Judge*

---

[6] Ms. Kemmerlin suggests in her reply that she would agree to confer about the content of the notice and extend the deadline to provide contact information in exchange for an agreement tolling the statute of limitations. Dkt. 32 at 7. She has not, however, requested an order tolling the statute of limitations. *Id.*; *see* Dkt. 27 at 11. The Court has ordered deadlines concerning both the notice and the provision of contact information, and those deadlines must be met regardless of the existence any tolling agreement. To the extent Ms. Kemmerlin is requesting equitable tolling, the Court finds it would be premature to address her request at this juncture. If a party seeks to join the action but is time-barred from doing so, the Court will address any arguments concerning equitable tolling when those arguments are raised by that party. *See Reeves v. Enter. Prods. Partners, LP*, No. 19-cv-570-JED-FHM, 2020 WL 7034348, at *1 (N.D. Okla. Jan. 13, 2020) (concluding equitable tolling would be "premature" when the parties had presented "only cursory briefing" as to whether preemptive tolling would be appropriate); *Kaiser v. At The Beach, Inc.*, No. 08-cv-586-TCK-FHM, 2009 WL 4506152, at *5, n.11 (N.D. Okla. Nov. 24, 2009) (tolling statute of limitations only after finding that the expiration of the statute of limitations "was due to the timing of this Court's ruling . . . and not due to [the plaintiffs'] lack of diligence").